UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JENAIL BROWN, *et al*., on behalf of themselves and others similarly situated,<br><br>       Plaintiff,<br><br>      - against -<br><br>CENTURION OF DELAWARE, LLC, *et al*.,<br><br>       Defendants. | 1:22-cv-00923 (GBW) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO REARGUE PURSUANT TO LOCAL RULE 7.1.5**

**JACOBS & CRUMPLAR, P.A.**

Raeann Warner, Esq. (DE Bar #4931)
750 Shipyard Drive, Suite 200
Wilmington, Delaware 19801
raeann@jcdelaw.com
(302) 656-544

**LAW OFFICE OF AMY JANE AGNEW, P.C.**

Joshua Morrison, Esq., *On the Brief*
Amy Jane Agnew, Esq.
*Admitted Pro Hac Vice*
24 Fifth Avenue, Suite 1701
New York, New York 10011
(973) 600-1724
aj@ajagnew.com

*Counsel for Plaintiffs and Putative Classes*

# TABLE OF CONTENTS

| | |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **LEGAL STANDARD MOTION FOR REARGUMENT** | 2 |
|     **Leave to Reargue is Appropriate** | 3 |
| **CONCLUSION** | 10 |

## TABLE OF AUTHORITIES

*Abu-Jamal v. Kerestes*,
   779 Fed. Appx. 893 (3d Cir. 2019)..............................................................4, 5, 7

*AgroFresh Inc. v. Essentiv LLC*,
   16-cv-662, 2019 U.S. Dist. LEXIS 109443 (D. Del. July 1, 2019)...................... 2

*Ancata v. Prison Health Servs.*,
   769 F.2d 700 (11th Cir. 1985) ........................................................................... 4

*Becton Dickinson & Co. v. Tyco Healthcare Group LP*,
   2006 U.S. Dist. LEXIS 14999 (D. Del. Mar. 31, 2006)....................................... 3

*Brambles USA, Inc. v. Blocker*,
   735 F. Supp. 1239 (D. Del. 1990)....................................................................2, 3

*Durmer v. O'Carroll*,
   991 F.2d 64 (3d Cir. 1993) ................................................................................ 4

*Estelle v. Gamble*,
   429 U.S. 97 (1976)..........................................................................................5, 7

*Federal Deposit Ins. Corp. v. Castle*,
   781 F.2d 1101 (5th Cir. 1986) ........................................................................... 3

*Greenland v. United States*,
   661 Fed. Appx. 210 (3d Cir. 2016)..................................................................4, 8

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984)............................................................................................. 6

*Martinez v. Mancusi*,
   443 F. 2d 921 (2d Cir. 1970) ............................................................................. 7

*Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*,
   834 F.2d 326 (3d Cir. 1987) ..........................................................................4, 7, 8

*Oglesby v. Penn Mutual Life Ins. Co.*,
   877 F.Supp. 872 (D.Del.1995) ............................................................................................... 2

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
   38 F.3d 1380 (3d Cir. 1994) .................................................................................................. 6

*Pearson v. Prison Health Serv.*,
   850 F.3d 526 (3d Cir. 2017) ............................................................................................. 4, 8

*Phillips v. Cnty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) .................................................................................................. 3

*Pirelli Cable Corp v. Ciena Corp.*,
   988 F.Supp. 424 (D.Del.1998) ............................................................................................... 2

*Schering Corp. v. Amgen, Inc.*,
   25 F. Supp. 2d 293 (D. Del. 1998) ......................................................................................... 2

*Singh v. George Washington Univ.*,
   383 F. Supp 2d. 99 (D.D.C. 2005) ......................................................................................... 3

*Smith v. Meyers*, Civil Action No. 09-cv-814,
   2009 U.S. Dist. LEXIS 121667 (D. Del. Dec. 30, 2009) ...................................................... 3

*Todaro v. Ward*,
   565 F.2d 48 (2d Cir. 1977) .................................................................................................... 7

*White v. Napoleon*,
   897 F.2d 103 (3d Cir. 1990) ................................................................................................ 10

*Williams v. Vincent*,
   508 F. 2d 541 (2d Cir. 1974) ............................................................................................. 5, 7

**<u>Rules</u>**

DEL. LOC. R. 7.1.5 ..................................................................................................................... 2

**PRELIMINARY STATEMENT**

On July 12, 2022 Plaintiffs filed their Class Action Complaint alleging a *Monell* claim against Delaware DOC's medical vendor, Centurion of Delaware, LLC ("Centurion") and Eighth Amendment deliberate indifference claims against Centurion Defendant individual providers: McAfee-Garner, Dr. Emilia Adah, Flora A. Atangcho, Barbara Denkins, William F. Ngwa and Feeah M. Stewart (collectively, "Individual Centurion Defendants"). (D.I. 1 "Cmplt.")  On October 18, 2022, Defendants Centurion and the Individual Centurion Defendants moved to dismiss. (D.I. 30.)  Plaintiffs opposed on December 2, 2022 (D.I. 54) and Centurion Defendants replied on December 22, 2022 (D.I. 60).  On March 8, 2023 the Court denied Centurion's motion to dismiss as to Plaintiffs' *Monell* styled claim against Centurion, but granted it as to the Eighth Amendment claims against the Individual Centurion Defendants. (Memorandum Order ("Op."), D.I. 64.) In sum, the Court found that because the Complaint alleges the Individual Centurion Defendants informed Plaintiffs of the Pain Management Initiative when they discontinued their effective medication and provided some treatment following the discontinuation, they did not act with deliberate indifference. (*Id*. at 7-9.)  Plaintiffs' respectfully move for leave to reargue based on the Court's error of apprehension regarding long-held Eighth Amendment jurisprudence and failure to construe the Complaint in the light most favorable to Plaintiffs.

1

**LEGAL STANDARD MOTION FOR REARGUMENT**

Local Rule 7.1.5 allows litigants to file motions for reargument but states that such motions "shall be sparingly granted." DEL. LOC. R. 7.1.5. The decision to grant a motion for reargument or reconsideration is squarely within the discretion of the district court. *AgroFresh Inc. v. Essentiv LLC*, 16-cv-662, 2019 U.S. Dist. LEXIS 109443, at *1 (D. Del. July 1, 2019); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). Motions for reargument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citing *Brambles*, 735 F. Supp. at 1241); D. Del. LR 7.1.5. A motion for reargument "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court.'" *Ibid.* (citing *Oglesby v. Penn Mutual Life Ins. Co.,* 877 F. Supp. 872, 892 (D.Del.1995)). As such, a motion for reargument may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties. *Ibid.* (citing *Pirelli Cable Corp v. Ciena Corp.,* 988 F.Supp. 424, 445 (D.Del.1998)).[1] Thus, the Rule attempts to balance the

---

[1] Errors of Apprehension include a Court's failure to consider 'controlling decisions

interests in obtaining a final decision on matters presented to the Court and the recognition that the Court, like all others, is capable of mistake and oversight. *Brambles*, 735 F. Supp. at 1241 (addressing former Local rule 3.3); *Cf. Federal Deposit Ins. Corp. v. Castle*, 781 F.2d 1101, 1104 (5th Cir. 1986). Even when one or more of these conditions are satisfied, the Court may deny the motion if it would not alter the outcome. *See Becton Dickinson & Co. v. Tyco Healthcare Group LP*, 2006 U.S. Dist. LEXIS 14999, at *2 (D. Del. Mar. 31, 2006); *Brambles*, 735 F. Supp. at 1240. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, Civil Action No. 09-cv-814, 2009 U.S. Dist. LEXIS 121667, at *1 (D. Del. Dec. 30, 2009).

**Leave to Reargue is Appropriate**

In deciding a motion to dismiss, the Court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Plaintiffs submit that the Court reached its conclusion dismissing the Individual Defendants by overlooking established jurisprudence establishing an Eighth Amendment deliberate indifference claim for choosing "easier and less efficacious

---

or data that might reasonably be expected to alter the conclusion reached by the Court. *See Singh v. George Washington Univ.*, 383 F. Supp 2d. 9, 102 (D.D.C. 2005).

3

treatment" and construing the Complaint in Defendant's favor. (D.I. 64 at 7-9.) Reconsideration is appropriate.

To state a claim for inadequate medical treatment, the plaintiff must allege that the treatment violated professional standards of care, in addition to alleging that the defendant acted with the requisite state of mind—deliberate indifference—when providing that inadequate care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) Of course, the mere receipt of inadequate medical care does not itself amount to deliberate indifference, *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.13 (3d Cir. 1993), and "mere disagreement as to the proper medical treatment [does not] support a claim of an [E]ighth [A]mendment violation. *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (citing *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985).) But when a Defendant's "knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care, the deliberate indifference standard has been met. *Ibid*; *Abu-Jamal v. Kerestes*, 779 Fed. Appx. 893, 900 (3d Cir. 2019)(Eighth Amendment deliberate indifference claim long established for denying warranted medical treatment for nonmedical reasons); *Greenland v. United States*, 661 Fed. Appx. 210, 215 (3d Cir. 2016)(citing *Monmouth Cnty.*, 834 F. 2d at 346-47)(Deliberate indifference involves the intentional refusal to provide care when the need for that care is known.).

The well-pled Complaint sufficiently alleges that before the Policy was

4

promulgated, Individual Defendants prescribed treatment according to their medical judgment. (*see, e.g.*, D.I. 1 at ¶¶ 117-119; 128; 148-150; 161-164; 177-179; 211-212; 223-228; 236; 242; 279; 285; 298-290; 308-312; 317-320; 327-328; 334; 345-346; 361-362.) Once the Policy was set in motion, the Individual Defendants discontinued patients' effective pain medications solely due to the Pain Management Initiative, a reason outside their medical judgment. (*Id*. at ¶¶ 68, 69, 111, 112, 121,122, 153, 166, 181, 197, 205, 214, 218, 239, 244, 260, 274, 280, 300-301, 337-338, 356, 366.) Nothing in the Complaint suggests there were medical justifications at work other than a new "policy." (*Ibid*.) Further, the Complaint alleges that after the discontinuations due to the Policy, the Individual Defendants administered treatment obviously less efficacious and if not totally ineffective. (*see, e.g., Id*. at ¶¶ 123, 155, 168, 245, 254, 332, 357, 395.) The Court acknowledged same in its opinion. (D.I. 64 at 10.) These allegations sufficiently plead an Eighth Amendment claim of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104 fn 10 (1976) (citing *Williams v. Vincent*, 508 F. 2d 541 (2d Cir. 1974)(doctor's choice of "easier and less efficacious treatment" may be deliberate indifference); *Abu-Jamal*, 779 Fed. Appx. at 900-901(Because Plaintiff alleged that he was denied appropriate treatment for nonmedical reasons the District Court properly held that the FAC contained sufficient allegations to conclude that the Department Defendants were deliberately indifferent in violation of his clearly established Eighth Amendment right to medical

care.).

Specifically, the Court errored when concluding that "with respect to many of the Plaintiffs' serious medical needs, the Individual Centurion Defendants explained their concerns with habit-forming medication such as Tramadol, and exercising their professional judgment ordered the Plaintiffs to be tapered off that medication." (D.I. 64 at 8-9.) No where in the Complaint do Plaintiffs allege the Individual Defendants used their professional judgment when acting to discontinue the medication. In fact, the opposite is pled. The Court's conclusion was an improper reading drawn in the Defendants' favor.[2] Construing the Complaint in Plaintiffs' favor, the Individual Defendants had no choice but to discontinue medications and administer ineffective alternatives; while this may be an argument for qualified immunity, it does not negate a constitutional violation.

As the Complaint alleges, the Individual Defendants discontinued Plaintiffs' pain medications without individually assessing the patient and without regard to the Plaintiffs' medical needs or conditions. (D.I. 1 at ¶ 72.) The mere fact that the Complaint contains allegations that the Individual Defendants informed Plaintiffs that they were being discontinued from their effective medications because of the

---

[2] For the purposes of a motion to dismiss, all well-pleaded factual allegations in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiffs. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 (1984). Any reasonable inference from the allegations is to be drawn in plaintiff's favor. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994).

6

new Pain Medication Initiative Policy does not infer that the Individual Defendants used their own medical judgment, but rather, that they could not. In fact, these allegations reveal that the Individual Defendants discontinued effective medication based on policy -- a nonmedical reason -- and not the individual needs of patients— the opposite of professional medical judgment. *Monmouth Cty.*, 834 F.2d at 347(citing *Todaro v. Ward*, 565 F.2d 48, 53 (2d Cir. 1977)(Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that "result[] in interminable delays and outright denials of medical care to suffering inmates.").

The Individual Defendants' numerous violations of Plaintiffs' rights are well-pled throughout the Complaint and entitle Plaintiffs to relief under many Eighth Amendment theories which the Court overlooked. *Estelle*, 429 U.S. at 105 fn. 12 (citing *Martinez v. Mancusi*, 443 F. 2d 921 (2d Cir. 1970)(prisons cannot intentionally interfere with treatment once prescribed); *Estelle*, 429 U.S. at 104 fn 10 (citing *Williams v. Vincent*, 508 F. 2d 541 (2d Cir. 1974)(doctor's choice of "easier and less efficacious treatment" may be deliberate indifference); *Abu-Jamal*, 779 Fed. Appx. at 900-901 (3d Cir. 2019)(Because Plaintiff alleged that he was denied appropriate treatment for nonmedical reasons the District Court properly held that the FAC contained sufficient allegations to conclude that the Department Defendants deliberately indifferent in violation of his clearly established Eighth Amendment

right to medical care.); *Greenland*, 661 Fed. Appx. at 215(citing *Monmouth Cnty.*, 834 F. 2d at 346-47)(Deliberate indifference involves the intentional refusal to provide care when the need for that care is known.).

It has also been long-held that the subjective inquiry into an individual defendant's state of mind for a deliberate indifferent claim under the Eighth Amendment can be alleged circumstantially. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 536 (3d Cir. 2017). In concluding that the Individual Defendants used their medical judgment when discontinuing Plaintiffs' pain medications, the Court failed to infer in Plaintiffs' favor the circumstantial allegations of the Complaint that effective medications were being discontinued by Defendants for nonmedical reasons (policy implementation) and contrary to medical judgment. For example, as alleged, each of the Plaintiffs was discontinued from their prescribed pain medication at approximately the same time (October/November 2019), the defendants provided the same reason for the discontinuation (Pain Management Initiative), and they discontinued Plaintiffs' medication without first individually assessing them for their individual medical needs. (*See*, *e.g.*, D.I. 1 at ¶¶ 102-105 (On October 19, 2019, Defendant McAfee-Garner told Mr. Brown that the "whole state" was being taken off Tramadol. No effective alternative medications were provided.); ¶¶ 130-131 (On October 26, 2019, Defendant McAfee-Garner discontinued Mr. Cordell's Tramadol informing him Tramadol not recommended for

long term use *in DDOC*.); ¶¶ 153-155 (On October 16, 2019, Defendant McAfee-Garner discontinued Mr. Cordey's effective Tramadol medication informing him Tramadol not recommended for long term use *in DDOC*. No effective alternative medications were provided.); ¶¶ 181-188 (Defendant McAfee-Garner discontinued Mr. Dupree's effective Tramadol medication informing him Tramadol is not recommended for long-term use *in DDOC*. January 2020 Defendant Adah discontinued Mr. Dupree's Gabapentin saying no indication for chronic pain. No effective alternative medication or treatment was provided.); ¶ 274 (Defendant McAfee-Garner discontinued Mr. McCardell's effective Tramadol medication informing him Tramadol is not recommended for long-term use *in DDOC*.); ¶¶ 110-113 (October 9, 2019, Mr. Cartwright's prescription was changed from Gabapentin to Lyrica with improving effects on his chronic pain symptoms and function.  On November 9, 2019, Defendant McAfee-Garner discussed the new Pain Management Initiative and discontinued Mr. Cartwright's Lyrica prescription.  Defendant Providers did not attempt to identify an effective alternative treatment after the discontinuation.); ¶ 166 (November 19, 2019, Mr. Davis was seen by Defendant Adah for pain management who discussed the facility-wide and state-wide plan for lowering the use of Gabapentin, Tramadol, Baclofen and other medication.  Adah then discontinued his prescription of Gabapentin and Baclofen despite knowing its proven positive effect on his function and chronic pain.); ¶¶ 197-198 (On November

9

17, 2019, Defendant McAfee-Garner discussed the Pain Management Initiative with Mr. Elliotte and discontinued both his effective Gabapentin and Baclofen prescriptions. Mr. Elliotte's pain worsened, and Defendants did nothing to find an effective alternative.); ¶ 214 (On November 11, 2019, Defendant McAfee-Garner educated Mr. Grine on the Pain Management Initiative and discontinued his Gabapentin prescription.)).

A fair reading of these allegations infers the actions of the Individual Centurion Defendants were made pursuant to a policy and, therefore, constitutionally deficient. *See White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)(holding that allegations of several instances of flawed medical treatment state a claim under Eighth Amendment).

**Conclusion**

Accordingly, Plaintiffs respectfully request the Honorable Court reconsider its opinion and deny the Individual Defendants' Motion to Dismiss the Individual Centurion Defendants.

Respectfully submitted,

**JACOBS & CRUMPLAR, P.A.**

By: */s/ Raeann Warner*
Raeann Warner, Esq. (DE Bar #4931)
Counsel for Plaintiffs and Putative Class
750 Shipyard Drive, Suite 200
Wilmington, Delaware 19801
raeann@jcdelaw.com
(302) 656-5445

**LAW OFFICE OF AMY JANE AGNEW, P.C.**
Joshua L. Morrison, Esq.*, On the Brief*
Amy Jane Agnew, Esq., *On the Brief*
*Admitted Pro Hac Vice*
24 Fifth Avenue, Suite 1701
New York, New York 10011
(973) 600-1724
aj@ajagnew.com
