IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JENAIL BROWN, et al.,

                Plaintiffs,

v.

CENTURIAN OF DELAWARE, LLC, et al.,

                Defendants.

Civil Action No. 22-0923-GBW

## MEMORANDUM ORDER

Plaintiffs move under Delaware Local Rule 7.1.5(a) for re-argument (the "Motion") of this Court's March 8, 2023 Memorandum Order denying-in-part and granting-in-part Defendants Centurian of Delaware, LLC's ("Centurian") and the Individual Centurian Defendants'[1] (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* D.I. 65. For the reasons stated below, Plaintiffs' Motion is DENIED.

Delaware Local Rule 7.1.5 allows litigants to file motions for re-argument but explicitly states that such motions "shall be sparingly granted." D. Del. LR 7.1.5(a). The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court. *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN, 2019 WL 2745723, at *1 (D. Del. July 1, 2019). A motion for re-argument pursuant to Delaware Local Rule 7.1.5 may be granted under one of three circumstances: (1) "where the Court has patently misunderstood a party," (2) "where

---

[1] The Individual Centurian Defendants include Sheri L. McAfee-Garner, Dr. Emilia Adah, Flora A. Atangcho, Barbara Denkins, William F. Ngwa, and Feeah M. Stewart. *See* D.I. 64 at 1.

1

the Court has made a decision outside the adversarial issues presented to the Court by the parties," or (3) "where the Court has made an error not of reasoning but of apprehension." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (cleaned up). A motion for re-argument should not be granted where the movant "simply rehashes materials and theories already briefed, argued, and decided." *Id.* Nor should a motion for re-argument be granted where the matters advanced would not "reasonably have altered the result previously reached by the Court." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1239 (D. Del. 1990) (cleaned up).

The Third Circuit has more generally explained that a motion for re-argument may be granted where a party shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [motion to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Anna, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Plaintiffs do not raise an intervening change in controlling law or the availability of new evidence. Rather, Plaintiffs allege that the Court (1) failed to properly apply the legal standard required to evaluate a Rule 12(b)(6) motion to dismiss, and (2) failed to apply the "deliberate indifference" standard under Eighth Amendment jurisprudence when this Court dismissed Plaintiffs' Count II against the Individual Centurian Defendants *without prejudice*.[2] *See* D.I. 65 at 3-4 (emphasis added). Both of Plaintiffs' arguments are unavailing.

---

[2] Importantly, the Court granted Defendants' Motion to Dismiss in part, thereby dismissing *without prejudice* Count II against the Individual Centurian Defendants. *See* D.I. 64 at 14. The Court also granted Plaintiffs' Request for Leave to Amend with respect to Count II against the Individual Centurian Defendants. *Id.* In other words, the Court afforded Plaintiffs the opportunity "to cure the deficiency of its pleadings with respect to their § 1983 claim against the Individual Centurian Defendants." *Id.* Rather than cure the deficiencies in their pleadings with respect to Count II, Plaintiffs instead opted to file the present motion for re-argument.

2

Plaintiffs' first complaint—that, contrary to the standard for evaluating a Rule 12(b)(6) motion to dismiss, "[t]he Court's conclusion was an improper reading drawn in Defendants' favor," *see* D.I. 65 at 6—ignores that the Court properly accepted the well-pled factual allegations as true and viewed them in the light most favorable to the Plaintiffs. *See, e.g.*, D.I. 64 at 2 n.3, 3-4, 10. In other words, even construing Plaintiffs' well-pleaded allegations as true and drawing all reasonable inferences in Plaintiffs' favor, the Court found that "Plaintiffs have failed to plead sufficient facts to state a claim, pursuant to § 1983, against the Individual Centurian Defendants." D.I. 64 at 10. That Plaintiffs disagree with the Court's conclusion fails to warrant re-argument or reconsideration of the Court's Memorandum Order. *See Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, C.A. No. 08-874-ER, 2010 WL 11470584, at *1 n.1 (D. Del. Aug. 4, 2010).

Plaintiffs' second argument—that the Court "overlook[ed] established jurisprudence establishing an Eighth Amendment deliberate indifference claim for choosing 'easier and less efficacious treatment,'" *see* D.I. 65 at 3-4 (quoting D.I. 64 at 7-9)—is similarly unpersuasive. Once again, Plaintiffs' argument sounds in general disagreement with the Court's conclusion rather than a "need to correct a clear error of law." *See Max's Seafood*, 176 F.3d at 677. In fact, Plaintiffs' Motion merely re-asserts the arguments already raised and considered in deciding Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *compare* D.I. 54 at 16 ("[A] prison official is deliberately indifferent if he . . . has 'knowledge of the need for medical care . . . and engages in an 'intentional refusal to provide that care' or 'prevent[s] an inmate from receiving recommended treatment for serious medical needs.'" (quoting *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987))), *with* D.I. 65 at 4 ("[W]hen a Defendant's 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care, the deliberate indifference

standard has been met.'" (quoting *Monmouth Cty. Corr. Institutional Inmates*, 834 F.2d at 346-47)). Since the Court has already fully considered and addressed these arguments, they do not provide grounds to grant Plaintiffs' Motion. *See, e.g., Evans v. Att'y Gen. of Delaware*, C.A. No. 17-1495-RGA, 2018 WL 3580292, at *1 (D. Del. July 25, 2018); *Butamax Advanced Biofuels LLC v. Gevo Inc.*, C.A. No. 12-1036-SLR, 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015) (stating that a motion for re-argument is "not properly grounded on a request that a court rethink a decision already made"); *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991) (a motion for re-argument is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously.").

For the reasons stated above, Plaintiffs' Motion for Re-Argument (D.I. 65) is denied. Nothing in this Memorandum Order is intended to alter the Court's prior ruling granting Plaintiffs' leave to amend their Complaint with respect to Count II against the Individual Centurian Defendants. *See* D.I. 64 at 14.

\* \* \*

WHEREFORE, at Wilmington this 18th day of May, 2023, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Re-Argument (D.I. 65) is **DENIED**.

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE