IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENAIL BROWN, *et al.*, on behalf of themselves and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  C.A. No. 22-923-JLH ) |
| CENTURION OF DELAWARE, LLC, SHERI L. MCAFEE-GARNER, EMILIA ADAH, CHARLES REINETTE, FLORA A. ATANGCHO, BARBARA DENKINS, WILLIAM F. NGWA, and FEEAH M. STEWART, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (D.I. 81) and Defendants' Motion to Strike Plaintiffs' Amended Complaint (D.I. 83). For the reasons below, both motions are denied.

1.  Plaintiffs filed their original Complaint on July 12, 2022, against multiple Defendants, including Centurion of Delaware, LLC ("Centurion"), medical providers working for Centurion ("Individual Centurion Defendants"), and many others. (D.I. 1.) On October 10, 2022, Centurion and the Individual Centurion Defendants moved to dismiss for failure to state a claim. (D.I. 29.) U.S. District Judge Gregory B. Williams denied the motion to dismiss as to Centurion but dismissed the claims against the Individual Centurion Defendants. (D.I. 64.) Plaintiffs moved for reargument with respect to the dismissal of the claims against the Individual Centurion Defendants. (D.I. 65.) Judge Williams denied reargument.[1] (D.I. 69.)

---

[1] Judge Williams' Order explained, among other things, that the Court had dismissed the claims against the Individual Centurion Defendants without prejudice and that Plaintiffs were

2.     This case was reassigned to me on January 8, 2024.  When the case was reassigned, there was a pending motion to dismiss filed by certain individuals employed by the state (the "Individual State Defendants"), but the record also reflected that Plaintiff intended to file an Amended Complaint.  I explained to the parties that I preferred to address any arguments regarding pleading deficiencies in the context of a motion to dismiss the Amended Complaint.  Accordingly, on May 16, 2024, I dismissed the Individual State Defendants' motion to dismiss the original Complaint without prejudice to refile upon Plaintiffs' filing of an Amended Complaint.  (D.I. 74.)  And I set a deadline of May 30, 2024, for Plaintiffs to file their Amended Complaint (*id.*), which I extended to July 1, 2024, at Plaintiffs' request (D.I. 76).  My May 16, 2024 Order further explained that Defendants were free to argue for dismissal of any or all of the claims set forth in the Amended Complaint "except for the claim that has already survived a motion to dismiss"— that is, the claim against Centurion.  (D.I. 74.)

3.     Plaintiffs filed their Amended Complaint on July 3, 2024.  It contains only two claims: a 42 U.S.C. § 1983 claim for damages against Centurion; and a 42 U.S.C. § 1983 claim for damages against the Individual Centurion Defendants.  (D.I. 79.)  No other defendants are named, and no equitable relief is sought.

4.     The allegations in the Amended Complaint pertaining to the Individual Centurion Defendants are identical to those in the original Complaint, which Judge Williams had dismissed as to the Individual Centurion Defendants.  (*See* D.I. 79-1 (redline comparing Complaint and Amended Complaint).)  On August 22, 2024, Plaintiffs filed a letter stating the following:

> Plaintiffs recognize that Count II against the Individual Centurian [sic] Defendants was dismissed without prejudice in this Court's Memorandum Order of March 8, 2023. [D.I. 64] While Plaintiffs

---

given leave to amend to address the deficiencies.  But "[r]ather than cure the deficiencies in their pleadings . . . , Plaintiffs instead opted to file the [] motion for re-argument." (D.I. 69 at 2 n.2.)

2

> were given leave to amend to restate Count II against the Individual Centurian [sic] Defendants, Plaintiffs have chosen not to do so. [See D.I. 79-1] Plaintiffs, however, have a potential appeal regarding the dismissal of the claims against the Individual Centurian [sic] Defendants. Therefore, Plaintiffs left the Individual Centurian [sic] Defendants in the Amended Complaint to preserve that appeal. Plaintiffs are concerned if they omitted the Individual Centurian [sic] Defendants from the Amended Complaint, Plaintiffs would be abandoning and/or waiving their claims on appeal against those defendants. By this letter, Plaintiffs wish to clarify they understand the Court's March 8, 2023 ruling and will not be pursuing claims against the Individual Centurian [sic] Defendants. The only Defendant against whom Plaintiffs will be pursuing a claim in the Amended Complaint is Centurian [sic] of Delaware, LLC.

(D.I. 80.) Accordingly, the claims against the Individual Centurion Defendants are again dismissed without prejudice.

5. The parties agree that "Plaintiff [Frankie] Galindez should be terminated as a named Plaintiff." (D.I. 87 at 18; *see also* D.I. 82.) Accordingly, the Court will dismiss all claims brought by Plaintiff Galindez.

6. The lone remaining claim is styled, "42 U.S.C. § 1983 Deliberate Indifference to Health or Safety — Policy Implementation and Enforcement (Against Centurian [sic] of Delaware, LLC[)]." This claim is identical to the claim asserted against Centurion in the original Complaint (*see* D.I. 79-1 (redline)). Judge Williams previously denied Centurion's motion to dismiss it (D.I. 64), and my May 16, 2024 Order told Centurion that it should not refile a motion to dismiss the claim that already survived a motion to dismiss (D.I. 74). Notwithstanding, on September 5, 2024, Centurion filed a Motion to Dismiss Plaintiffs' Amended Complaint. (D.I. 81.) Centurion says that it "is mindful of the Court's instruction that it should not challenge the claim that has already survived a motion to dismiss," but it argues that reconsideration of Judge Williams' decision is warranted "given plaintiffs' substantial reframing of its allegations." (D.I. 82 at 6 (internal quotation marks omitted).) I disagree. There has been no "substantial reframing"—the allegations

3

against Centurion are identical to those in the original Complaint. Centurion's motion to dismiss (D.I. 81) is denied.

7. Centurion has also moved to strike Plaintiffs' class allegations. (D.I. 83.) Motions to strike are generally disfavored before some discovery occurs unless the complaint "clearly demonstrates that the plaintiff cannot meet the requirements for a class action." *Samuel v. Centene Corp.*, No. 23-1134, 2024 WL 3552869, at *13 (D. Del. July 26, 2024) (citing *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011)), *report and recommendation adopted*, *Desmond v. Centene Corp.*, 2024 WL 4315028 (D. Del. Sept. 27, 2024). Centurion underscores the individualized nature of each Plaintiff's injury, and Centurion suggests that Plaintiffs cannot satisfy the predominance requirement of Federal Rule of Civil Procedure 23(b)(3). Centurion may ultimately turn out to be right, but other common issues are clearly alleged in the Amended Complaint. As class certification is not facially impossible, I can't say that this case represents one of the "very rare" instances where striking the class allegations is appropriate. *Davis v. D.R. Horton Inc.*, No. 19-1686, 2020 WL 1244848, at *5 (D. Del. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 6042091 (D. Del. Oct. 13, 2020). Accordingly, the motion to strike (D.I. 83) is denied.

8. That said, I do have concerns about Plaintiffs' ability to satisfy the predominance requirement. And while Plaintiffs suggest that they need "some discovery" before they will be prepared to move for class certification (D.I. 88 at 14), it's unclear to me how additional discovery will allow Plaintiffs to demonstrate predominance. The Court will order an in-person scheduling conference at which Plaintiffs should be prepared to discuss in detail what discovery they need before the Court rules on class certification.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

4

1. All claims against the Individual Centurion Defendants are DISMISSED.

2. All claims asserted by Plaintiff Frankie Galindez are DISMISSED. Galindez is terminated as a named Plaintiff.

3. Centurion's Motion to Dismiss Plaintiffs' Amended Complaint (D.I. 81) is DENIED.

4. Centurion's Motion to Strike Plaintiffs' Amended Complaint (D.I. 83) is DENIED.

5. The Court will hold an in-person initial case management conference on January 5, 2026, in Courtroom 6D at 1:00 pm. On or before December 19, 2025, the parties shall meet and confer and jointly prepare and file a proposed Scheduling Order that (i) sets deadlines for a class certification motion and briefing; (ii) sets deadlines for any discovery needed for class certification briefing; (iii) specifically identifies the categories and types of discovery needed prior to class certification briefing; and (iv) identifies any other issues the parties want to address at the initial case management conference.

Dated: November 17, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE